**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH OLIVO, | ) |
| | ) |
|   Plaintiff | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| BALANCED HEALTHCARE | ) |
| RECEIVABLES, LLC., | ) |
| | ) |
|   Defendant | ) |

**COMPLAINT – JURY TRIAL DEMANDED**

1. This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2. This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Plaintiff, Elizabeth Olivo (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant Balanced Healthcare Receivables, LLC (or "Defendant"), is the collection of debts using the mails and telephone.

6. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut and maintains a collection agency license with the Connecticut Department of Banking.

7. Upon information and belief and at all times relevant hereto, Defendant is a limited liability company organized pursuant to the laws of the State of New Hampshire, with its principal place of business at 141 Burke Street, Nashua, New Hampshire 03060.  Defendant regularly engages in the collection of consumer debts in the State of Connecticut.

## FACTUAL ALLEGATIONS

8. Beginning on or about April, 2014, Defendant initiated a campaign of harassment against Plaintiff, which took, principally, the form of harassing telephone calls to the Plaintiff's place of employment and to her personal cellular telephone.

9. The Defendant's actions concerned an alleged consumer debt.

10. Upon information and belief, said campaign of harassment included, *inter alia*, written correspondence, as well.

11.     Plaintiff informed the Defendant that she could not receive telephone calls at work concerning such matters and requested that the Defendant refrain from contacting her by telephone at work.

12.     On or about May 15, 2014, the Defendant contacted the Plaintiff via her personal cellular telephone concerning an alleged consumer debt.  The Defendant's agent failed to identify that the Defendant was a debt collector, that the purpose of the telephone call was an attempt to collect a debt, or that any information would be used for that purpose.  Plaintiff requested that the Defendant cease contacting her by telephone on May 5, 2014.

13.     Defendant, however, continued harassing Plaintiff by telephone, and, acting without the prior consent of Plaintiff given directly to the Defendant and without the express permission of a court of competent jurisdiction, through one of its agents, upon information and belief, on or about May 19, 2014, contacted the Plaintiff via telephone at Plaintiff's place of employment.

14.     The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a (6).

15.     Instructively, 15 U.S.C. §1692 c (a)(3), in relevant part, provides that "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in the connection with the collection of any debt at the consumer's place of employment if the debt collector knows or

has reason to know that the consumer's employer prohibits the consumer from receiving such communication." See, 15 U.S.C. §1692 c (a)(3).

16. 15 U. S. C. §1692 d (5) states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: causing a telephone to ring or engaging any person in telephone conversation or continuously with intent to annoy, abuse, or harass any person at the called number."
> See, 15 U.S.C. §1692 d (5).

17. Defendant had actual knowledge that Plaintiff could not receive telephone calls at work, but continued calling. The telephone calls received from the Defendant produced and continue to produce mental anguish, anxiety, great emotional distress, and physical manifestations of emotional distress.

18. Instructively, 15 U.S.C. §1692 e (11), in relevant part, makes it a violation of the FDCPA for a debt collector to fail to disclose in either the initial and **subsequent communications** with a consumer that such communications are an attempt to collect a debt and that any information obtained will be used for that purpose:

> "…The following conduct is a violation of this section: (15 U.S.C. §1692 e (11)) – The failure to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be

**THE WOODS LAW FIRM, LLC**
100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."
<u>See</u>, 15 U.S.C. §1692 e (11).

19. At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (<u>See</u>, 15 U.S.C. 1692 e).

20. Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (<u>See</u>, 15 U.S.C. 1692 e (10)).

21. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims For Relief

### I. Defendant's Failure to Comply with and Violation of 15 U.S.C. §1692 c (a)(3)

22. Paragraphs 1-21 are re-alleged, as if fully re-stated.

23. Instructively, 15 U.S.C. §1692 c (a)(3), in relevant part, provides that "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in the connection

with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." <u>See</u>, 15 U.S.C. §1692 c (a)(3).

24. Plaintiff informed the Defendant that she could not receive telephone calls at work concerning such matters and requested that the Defendant refrain from contacting her by telephone at work.

25. Defendant, however, continued harassing Plaintiff by telephone, and, acting without the prior consent of Plaintiff given directly to the Defendant and without the express permission of a court of competent jurisdiction, through one of its agents, upon information and belief, on or about May 19, 2014, contacted the Plaintiff via telephone at Plaintiff's place of employment.

26. Defendant had actual knowledge that Plaintiff could not receive telephone calls at work, but continued calling. Defendant's failure to comply with 15 U.S.C. §1692 c (a)(3) contravened 15 U.S.C. §1692 c (a)(3), and thereby constituted a violation of the FDCPA.

27. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. <u>Defendant's Violation of 15 U.S.C. § 1692 (d) (5)</u>

28. Paragraphs 1-21 are re-alleged, as if fully re-stated.

29. 15 U. S. C. §1692 d (5) states, in relevant part:

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: causing a telephone to ring or engaging any person in telephone conversation or continuously with intent to annoy, abuse, or harass any person at the called number."
See, 15 U.S.C. §1692 d (5).

30. Defendant, for a period spanning several months, engaged in a campaign of telephonic harassment directed towards the Plaintiff. Defendant had actual knowledge that Plaintiff could not receive telephone calls at work, but continued calling, despite, upon information and belief, requests to cease and desist.

31. Beginning on or about April, 2014, Defendant initiated a campaign of harassment against Plaintiff, which took, principally, the form of harassing telephone calls to the Plaintiff's place of employment and to her personal cellular telephone.

32. The Defendant's actions concerned an alleged consumer debt.

33. Upon information and belief, said campaign of harassment included, *inter alia*, written correspondence, as well.

34. Plaintiff informed the Defendant that she could not receive telephone calls at work concerning such matters and requested that the Defendant refrain from contacting her by telephone at work.

35. On or about May 15, 2014, the Defendant contacted the Plaintiff via her personal cellular telephone concerning an alleged consumer debt. The Defendant's agent failed to identify that the Defendant was a debt collector, that the purpose of the telephone call was an attempt to collect a debt, or that any information would be used for that purpose. Plaintiff requested that the Defendant cease contacting her by telephone on May 5, 2014.

36. Defendant, however, continued harassing Plaintiff by telephone, and, acting without the prior consent of Plaintiff given directly to the Defendant and without the express permission of a court of competent jurisdiction, through one of its agents, upon information and belief, on or about May 19, 2014, contacted the Plaintiff via telephone at Plaintiff's place of employment.

37. Defendant's conduct contravened 15 U.S.C. §1692 d (5), and thereby constituted a violation of the FDCPA.

38. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### III. Defendant's Violation of 15 U.S.C. § 1692 (e) (11)

39. Paragraphs 1-21 are re-alleged as if fully re-stated.

40. Instructively, 15 U.S.C. §1692 e (11), in relevant part, makes it a violation of the FDCPA for a debt collector to fail to disclose in either the initial and **subsequent communications** with a consumer that such communications are an attempt to collect a debt and that any information obtained will be used for that purpose:

> "…The following conduct is a violation of this section: (15 U.S.C. §1692 e (11)) – The failure to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."
> See, 15 U.S.C. §1692 e (11).

41. On or about May 15, 2014, the Defendant contacted the Plaintiff via her personal cellular telephone concerning an alleged consumer debt.  The Defendant's agent failed to identify that the Defendant was a debt collector, that the purpose of the telephone call was an attempt to collect a debt, or that any information would be used for that purpose.  Plaintiff requested that the Defendant cease contacting her by telephone on May 5, 2014.

42. Defendant's conduct contravened 15 U.S.C. §1692 e (11), and thereby constituted a violation of the FDCPA.

43.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### IV.   Defendant's Violation of 15 U.S.C. § 1692 (e) (10)

44.     Paragraphs 1-21 are re-alleged as if fully re-stated.

45.     15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

46.     On or about May 15, 2014, the Defendant contacted the Plaintiff via her personal cellular telephone concerning an alleged consumer debt.  The Defendant's agent failed to identify that the Defendant was a debt collector, that the purpose of the telephone call was an attempt to collect a debt, or that any information would be used for that purpose.  Plaintiff requested that the Defendant cease contacting her by telephone on May 5, 2014.

47.     Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (11), contravened 15 U.S.C. §1692 e (10), and thereby constituted a violation of the FDCPA.

48.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### V.   Defendant's Violation of the Connecticut Unfair Trade Practices Act

49. Paragraphs 1-21 are re-alleged as if fully re-stated.

50. Defendant's actions in utilizing the telephone to harass Plaintiff and coerce payment – with the knowledge that Plaintiff could not receive telephone calls at work – constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

51. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

52. Simply, the Defendants engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

53. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

54. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;

    3.    All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
    4.    Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
    5.    Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
    6.    An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
    7.    An award of punitive damages.
    8.    Damages pursuant to the Connecticut Unfair Trade Practices Act.
    9.    Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
    10.    Such other and further relief as the Court deems just;

                                            THE PLAINTIFF,
                                            ELIZABETH OLIVO
                                            By:    _s/ct29447_____
                                            Roderick D. Woods, Esq.
                                            Attorney for Plaintiff

Roderick D. Woods, Esq.
The Woods Law Firm, LLC
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.)
(860) 371-3242 (Fax)
JURIS # 428247
rwoods@rdw-law.com